UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                                          No. 5:11-CR-50075

ARLES VELASQUEZ                                                               DEFENDANT

## OPINION AND ORDER

Defendant Arles Velasquez filed a motion (Doc. 104) to modify his sentence pursuant to the First Step Act amendments to 18 U.S.C. § 3582(c). No response has been filed, but no response is necessary. In addition to the motion, the Court has reviewed other documents on the record, including the presentence investigation report (Doc. 47). The motion will be DENIED.

The Court may modify a term of imprisonment on motion by a defendant if the defendant has exhausted BOP administrative remedies or that process has stalled for 30 days, extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification. 18 U.S.C. § 3582(c).

On October 7, 2011, a jury found Defendant guilty of one count of tampering with a witness in violation of 18 U.S.C. § 1512(a)(2)(A), one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g) and § 924(a)(2). On April 2, 2012, the Court sentenced Defendant to 240 months imprisonment on Count 1 and 120 months imprisonment on Count 3, to run concurrently, and 84 months imprisonment on Count 2, to run consecutively, for a total sentence of 324 months imprisonment. After retroactive amendment to United States Sentencing Guideline § 2D1.1(c), on January 7, 2015, the Court entered an order reducing

Defendant's sentence from 324 months imprisonment to 262 months imprisonment.

Defendant's current projected release date is November 3, 2029, and Defendant requests modification of his sentence to time served. Defendant claims to have exhausted his administrative remedies.

Defendant's motion will be denied because the § 3553(a) factors do not support modification of Defendant's sentence. As to the nature and circumstances of the offense, Defendant was an active participant in a conspiracy to distribute methamphetamine that was responsible for between 5 and 15 kilograms of methamphetamine. Additionally, after Defendant was in federal custody pending disposition of his federal charges, Defendant approached individuals about one of his co-conspirators being a "rat" and arranged to have the co-conspirator assaulted.

Defendant argues that he should be released because if he were sentenced for the same conduct in the present day his sentence would be significantly lower. However, the Court has already reduced Defendant's sentence in accordance with the current Federal Sentencing Guidelines pursuant to 28 U.S.C. § 944(u). Defendant's base offense level under U.S.S.G. § 2D1.1(3) is a level 34. Defendant's base offense level is increased by two levels under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm and two levels under U.S.S.G. § 3C1.1 for obstruction of justice, for a total adjusted offense level of 38. With Defendant's criminal history category of II, the current guidelines recommend a sentence of 262 to 327 months. Defendant's sentence of 262 months is therefore not excessive under current guidelines, and the § 3553(a) factors, including the need to reflect the seriousness of the offense and the need to avoid unwarranted sentence disparities, weigh against a reduction of Defendant's sentence to time served. Therefore, Defendant's motion will be denied.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 104) is DENIED.

IT IS SO ORDERED this 25th day of April, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE